1             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TEXAS
2                 SHERMAN DIVISION

3  UNITED STATES OF AMERICA     )(   CRIMINAL ACTION NO.

4  v.                  )(   4:17-CR-177-1

5  ARLANDO JACOBS          )(

6                      )(

7                      )(

8                      )(   MAY 14, 2018

9                      )(   10:42 A.M.

10

11               CHANGE OF PLEA HEARING

12    BEFORE THE HONORABLE JUDGE KIMBERLY C. PRIEST JOHNSON

13             UNITED STATES MAGISTRATE

14

15  APPEARANCES:

16  FOR THE GOVERNMENT:   Mr. Jay Robert 'Jay' Combs

17

18
   FOR THE DEFENDANT:    Mr. Robert Gerard 'Bob' Arrambide
19

20

21  COURT REPORTER:       MS. SHAWNA GAUNTT-HICKS, CSR
                  Deputy Court Reporter
22                  United States District Court
                  Eastern District of Texas
23                  (903) 276-1090
                  CSR NO. 9353
24

25     (Proceedings recorded, transcript produced by a court
        reporter.)

1              **P R O C E E D I N G S**

2

3        (Proceedings commence at 10:42 a.m.)

4        (Call to order of the Court.)

5        (Defendant present with counsel.)

6

7              THE COURT:  All right.  I'm going to call the first

8    two cases together.  4:16-CR-155, *United States versus Craig*

9    *Carey* and 4:17-cr-177, *United States versus Arlando Jacobs*.

10             MR. COMBS:  Jay Combs for the United States, Your

11   Honor.

12             The Government's ready.

13             THE COURT:  Good morning.

14             MR. COMBS:  Good morning.

15             MR. HAMILTON:  Matthew Hamilton for Mr. Carey.

16             THE COURT:  Good morning.

17             MR. HAMILTON:  Good morning.

18             MR. ARRAMBIDE:  Rob Arrambide for Mr. Jacobs, Your

19   Honor.

20             We're ready.

21             THE COURT:  Good morning.

22             Before we get started, Mr. Carey and Mr. Hamilton, I

23   know y'all were on your way here a couple of weeks ago to have

24   this hearing, and I just want to apologize for having to cancel

25   on you at such a short notice.  I was very, very sick.

```
 1              MR. HAMILTON:  No worries.

 2              THE COURT:  I was here in the hopes of trying to be

 3    able to make it through the hearing and was just not able to.

 4              So, Mr. Carey, I think you were driving from out of

 5    town; so I apologize.

 6              THE DEFENDANT CAREY:  Yes, ma'am.

 7              THE COURT:  All right.  Mr. Carey and Mr. Jacobs,

 8    please raise your right hand to be sworn.

 9              (Whereupon, the defendants were sworn.)

10              THE COURT:  We're here today for your change of plea

11    hearing.  You've been charged with violations of federal

12    criminal law in separate indictments; however, I'm going to do

13    your change of plea hearing together because there are

14    similarities in your plea agreement.

15              So if I ask generally a question, I'll need both of

16    you to answer.  We are recording this proceeding; so for

17    clarity of the record, Mr. Carey, if you will always answer

18    first, Mr. Jacobs, if you'll answer second.  And then if I have

19    a specific question for one of you, I'll -- I'll make that

20    clear.  Okay?

21              THE DEFENDANT CAREY:  Yes, ma'am.

22              THE DEFENDANT JACOBS:  Yes.

23              THE COURT:  All right.  Please state your full name

24    and age for the record.

25              THE DEFENDANT CAREY:  Craig Bradley Carey.
```

```
1              THE COURT:  How old are you?

2              THE DEFENDANT CAREY:  Thirty-one.

3              THE DEFENDANT JACOBS:  Arlando Ramond Jacobs, 52.

4              THE COURT:  And what is the last grade of school

5     you've completed?

6              THE DEFENDANT CAREY:  College.  Two years.

7              THE DEFENDANT JACOBS:  Fifteen years.  No graduate.

8              THE COURT:  All right.

9         Have you ever been diagnosed with any mental illness

10    or problem?

11             THE DEFENDANT CAREY:  No, ma'am.

12             THE DEFENDANT JACOBS:  No, ma'am.

13             THE COURT:  And are you currently under the influence

14    of any drug or alcohol?

15             THE DEFENDANT CAREY:  No, ma'am.

16             THE DEFENDANT JACOBS:  No, ma'am.

17             THE COURT:  Counsel, do you believe your client is

18    competent to proceed here today?

19             MR. HAMILTON:  Yes, Your Honor.

20             MR. ARRAMBIDE:  Yes, Your Honor.

21             THE COURT:  Sirs, you have the right to have you plea

22    taken by the district judge assigned to your case or you can

23    have me, a United States magistrate judge, take your plea and

24    make a recommendation to the district court.

25             Do you understand that you have this right?
```

 1            THE DEFENDANT CAREY:  Yes, ma'am.

 2            THE DEFENDANT JACOBS:  Yes.

 3            THE COURT:  Mr. Carey, I'm holding up your Waiver and

 4   Consent form.

 5            Is that your signature on the bottom?

 6            THE DEFENDANT CAREY:  Yes, ma'am.

 7            THE COURT:  Mr. Jacobs, I'm holding up your Waiver

 8   and Consent form.

 9            Is that your signature on the bottom?

10            THE DEFENDANT JACOBS:  Yes, ma'am.

11            THE COURT:  This question is to both of you.  Did you

12   review this document with your counsel before signing it?

13            THE DEFENDANT CAREY:  Yes, ma'am.

14            THE DEFENDANT JACOBS:  Yes, ma'am.

15            THE COURT:  And is it your desire to have me take

16   your plea here today and make a recommendation to the district

17   court?

18            THE DEFENDANT CAREY:  Yes, ma'am.

19            THE DEFENDANT JACOBS:  Yes, ma'am.

20            THE COURT:  I find the Waiver and Consent has been

21   knowingly and voluntarily given, and we'll proceed with the

22   plea.

23            Have you had an opportunity to fully review and

24   discuss this case with your counsel?

25            THE DEFENDANT CAREY:  Yes, ma'am.

 1                  THE DEFENDANT JACOBS:  Yes, ma'am.

 2                  THE COURT:  Are you satisfied with the advice you've

 3     been given in this matter?

 4                  THE DEFENDANT CAREY:  Yes, ma'am.

 5                  THE DEFENDANT JACOBS:  Yes, ma'am.

 6                  THE COURT:  Have you received a copy of the --

 7     Mr. Carey, for you, it's an indictment, Mr. Jacobs, it's a

 8     superseding indictment in your case?

 9                  THE DEFENDANT CAREY:  Yes, ma'am.

10                  THE DEFENDANT JACOBS:  Yes, ma'am.

11                  THE COURT:  Do you understand the nature of the

12     charges alleged against you?

13                  THE DEFENDANT CAREY:  Yes, ma'am.

14                  THE DEFENDANT JACOBS:  Yes, ma'am.

15                  THE COURT:  You have the right to have this

16     indictment read aloud into the record or you may waive that

17     right.

18                  What would you like to do?

19                  THE DEFENDANT CAREY:  Waive it.

20                  THE DEFENDANT JACOBS:  Waive as well.

21                  THE COURT:  All right.  I am going to ask the

22     assistant United States attorney to read aloud the elements of

23     the offense to which you're pleading guilty.  These are the

24     elements the Government would be required to prove beyond a

25     reasonable doubt to establish your guilt if you were to go to

1    trial.

2         Mr. Combs.

3         MR. COMBS:  Gentlemen, you're charged with Count 1 --

4    or you're charged in your indictment with a violation of 18

5    United States Code, Section 1349, conspiracy to commit wire

6    fraud affecting -- or in violation of 18 United States Code,

7    Section 1343.  The essential elements of your offense are as

8    follows:

9         First, that two or more persons in some way or manner

10   came to a mutual understanding to try and accomplish a common

11   unlawful plan to violate 18 United States Code, Section 1343,

12   as wire fraud.

13        Second, that you joined and knowing -- that you

14   joined the plan, knowing the unlawful purpose of it.

15        The elements of 18 United States Code, Section 1343,

16   are as follows:

17        First, that you knowingly devised a scheme to defraud

18   and obtain money and property by false and fraudulent pretenses

19   and representations or promises.

20        Second, that you acted with specific intent to

21   defraud.

22        Third, that you transmitted or caused to be

23   transmitted by way of wire communications and interstate

24   commerce any writing, sign, signal, or sound, for the purpose

25   of carrying out the scheme.

```
 1              Fourth, that the scheme to -- to defraud employed

 2    false material representations.

 3              And, Mr. Jacobs, as to you, there's an additional

 4    added element on there that your scheme affected a financial

 5    institution.

 6              THE COURT:  To each -- to both of you, do you

 7    understand each of the essential elements set forth?

 8              THE DEFENDANT CAREY:  Yes, Your Honor.

 9              THE DEFENDANT JACOBS:  Yes, ma'am.

10              THE COURT:  And do you admit that you committed each

11    one of those elements?

12              THE DEFENDANT CAREY:  Yes, Your Honor.

13              THE DEFENDANT JACOBS:  Yes, ma'am.

14              THE COURT:  All right.

15              I've received plea documents in your case, which

16    consists of a plea agreement, a plea agreement addendum, and a

17    factual basis.

18              Can you please confirm your signature on each one of

19    those documents?

20              THE DEFENDANT CAREY:  Yes, ma'am.

21              THE DEFENDANT JACOBS:  Yes, ma'am.  All three.

22              THE COURT:  And did you review each one of these

23    documents with your counsel before signing it?

24              THE DEFENDANT CAREY:  Yes, ma'am.

25              THE DEFENDANT JACOBS:  Yes, ma'am.
```

```
 1            THE COURT:  All right.  I'm going to review some of

 2   the paragraphs in your plea agreement.  If you'll please follow

 3   along, starting with Paragraph 1, entitled "Rights of the

 4   Defendant."

 5            This paragraph lists certain constitutional rights

 6   that you have, such as to plead not guilty, to have a trial by

 7   a jury, to have you guilt proved beyond a reasonable doubt, to

 8   confront and cross-examine witnesses and call witness in your

 9   defense, and to not be compelled to testify against yourself.

10            Going down to Paragraph 2.  If you plead guilty to

11   Count 1, you will be waiving those constitutional rights.

12            Do you understand that?

13            THE DEFENDANT CAREY:  Yes, ma'am.

14            THE DEFENDANT JACOBS:  Yes, ma'am.

15            THE COURT:  Paragraph 3, entitled "Sentence."  This

16   paragraph lists the minimum/maximum penalties that can be

17   imposed in your case.  They are as follows:

18            Imprisonment for a period not to exceed -- Mr. Carey,

19   for you, it's not to exceed 20 years, Mr. Jacobs, for you, it's

20   not to exceed 30 years.

21            A fine not to exceed -- this particular dollar

22   amount -- Mr. Carey, for you, it's $250,000, or twice any

23   pecuniary gain to you or loss to the victims, and, Mr. Jacobs,

24   for you, it's not to exceed a million dollars.

25            A term of supervised release of not more five years.
```

1           A special assessment of $100.

2           Forfeiture of property involved in or traceable to

3    the offense.

4           Restitution to victims or to the community, and costs

5    of incarceration and supervision.

6           Do you understand the minimum and maximum penalties

7    that can be imposed in your case?

8           THE DEFENDANT CAREY:  Yes, Your Honor.

9           THE DEFENDANT JACOBS:  Yes, ma'am.

10          THE COURT:  Paragraph 4.  I'm going to discuss these

11   differently.

12          Mr. Carey, your Paragraph 4 discusses the United

13   States sentencing guidelines.  Essentially, these guidelines

14   will be used by the Court in determining your sentence but

15   they're not binding upon the Court.

16          Have you had an opportunity to review the sentencing

17   guidelines in your case with your counsel?

18          THE DEFENDANT CAREY:  Yes, Your Honor.

19          THE COURT:  And do you understand that these

20   guidelines are not binding upon the Court in determining your

21   sentence?

22          THE DEFENDANT CAREY:  Yes, Your Honor.

23          THE DEFENDANT JACOBS:  Yes, ma'am.

24          THE COURT:  Well, Mr. Jacobs, let's -- let me talk

25   separately to you about your Paragraph 4 because it's a little

1    bit different.

2              Your agreement is made pursuant to Federal Rule of

3    Criminal Procedure 11(c)(1)(C), which means that you and the

4    Government have agreed that a specific sentence is appropriate

5    in this case.  The agreed-upon sentence as stated here is as

6    follows:

7              That you'll be sentenced to a term of imprisonment

8    within the guidelines range of an offense level of Level 22,

9    and the Court will determine what criminal history category in

10   which you will be placed.

11             You'll be sentenced to a term of supervised release

12   of at least five years.

13             You'll pay restitution as set forth in Paragraph 5 of

14   the agreement.

15             You'll forfeit property as set forth in Paragraph 6.

16             You'll pay the special assessment of $100 at or prior

17   to the sentencing.

18             And the Court will determine any -- determine and

19   impose any fine deemed appropriate.

20             Is this the agreement that you have made with the

21   Government?

22             THE DEFENDANT JACOBS:  Yes, ma'am, it is.

23             THE COURT:  All right.  Do you understand that the

24   Court is not bound by this agreement?

25             THE DEFENDANT JACOBS:  Yes.

1            THE COURT:  In other words, the Court could decline

2    to accept this agreement.

3            Do you understand that?

4            THE DEFENDANT JACOBS:  Yes, ma'am, I do.

5            THE COURT:  All right.  And do you also understand

6    that, if that happens, you'll have two options.  Number one,

7    you can either withdraw your guilty plea.

8            Do you understand that?

9            THE DEFENDANT JACOBS:  Yes, ma'am.

10           THE COURT:  Or you can persist in -- in your guilty

11   plea and allow the Court to sentence you.

12           Do you understand that?

13           THE DEFENDANT JACOBS:  Yes, ma'am, I do.

14           THE COURT:  All right.  And if you chose the latter

15   option and you maintained your guilty plea and allowed the

16   Court to -- to sentence you outside of this agreement, do you

17   understand that the Court would refer to the sentencing

18   guidelines but those guidelines aren't binding upon the Court?

19           THE DEFENDANT JACOBS:  Yes, ma'am, I do.

20           THE COURT:  All right.

21           Mr. Carey, your Paragraph 5 entitled "Guideline

22   Stipulations" lists certain guideline provisions that you and

23   the Government agree should apply in your case.

24           Do you understand that the Court is not bound by

25   these stipulations?

1          THE DEFENDANT CAREY:  Yes, ma'am.

2          THE COURT:  So even if the Court imposes a different

3    guideline provision than what you and the Government agree

4    should apply here, you'll still be bound by this plea

5    agreement.

6          Do you understand that?

7          THE DEFENDANT CAREY:  Yes, ma'am.

8          THE COURT:  Mr. Jacobs, your Paragraph 6 entitled

9    "Forfeiture."  In this paragraph, you're agreeing the -- to

10   forfeit to the United States the items listed in the plea

11   agreement.  They include cash proceeds that were seized at the

12   time of the arrest in the amount of $1,005 and then any

13   substitute assets involving property listed in paragraph -- or

14   Subparagraphs 1 through 11.  And I won't -- I won't read all of

15   it into the record, but it includes a CB Account Number 1, PNC

16   Account Number 1, PNC Account Number 2, COB Account Number 5,

17   private assets trust account, assets holding trust account,

18   Escalade Number 1, Maserati, BMW Alpina, Escalade Number 2,

19   Mercedes, and then -- it's not numbered, but also a diamond

20   ring that is pictured on Page 7 of the plea agreement.

21         Are you, in fact, agreeing to forfeit all of these

22   items to the Government?

23         THE DEFENDANT JACOBS:  Yes, ma'am.

24         THE COURT:  All right.  If you will look with me --

25   Mr. Carey, your Number 10, Mr. Jacobs, your Number 9 --

1    entitled "Voluntary Plea."  This paragraph states that your

2    plea of guilty is freely and voluntarily made.  So I'll ask

3    you:  Has anyone tried to force you or threaten you to plead

4    guilty in this case?

5              THE DEFENDANT CAREY:  No, Your Honor.

6              THE DEFENDANT JACOBS:  No, ma'am.

7              THE COURT:  And other than this written plea

8    agreement, have any promises been made to you to try to get you

9    to plead guilty?

10             THE DEFENDANT CAREY:  No, Your Honor.

11             THE DEFENDANT JACOBS:  No, ma'am.

12             THE COURT:  Finally, the following paragraph entitled

13   "Waiver of Right to Appeal or Otherwise Challenge Your

14   Sentence."  This paragraph states that you're agreeing to give

15   up your appellate rights in this case with the exception of two

16   limited circumstances.

17             Mr. Carey, those circumstances for you include

18   imposing a sentence that exceeds the statutory maximum or,

19   Number 2, being your right to appeal or seek collateral review

20   of a claim of ineffective assistance of counsel.

21             Mr. Jacobs, your plea agreement actually states the

22   same thing.

23             Counsel, do you -- we normally include the -- the

24   third option for (c)(1)(C) plea agreements, where, after

25   accepting the agreement, the Court fails to sentence within the

```
1    terms of that agreement, some- -- something that we want to

2    add?

3              MR. COMBS:  Your Honor, I think that's contemplated

4    in the language that's actually in the -- the 11(c)(1)(C)

5    agreement itself.  And I've had to go both ways.

6              THE COURT:  Okay.

7              MR. COMBS:  I don't believe that it's necessary --

8              THE COURT:  You don't think it's necessary?

9              MR. COMBS:  -- to have it in the agreement.

10             THE COURT:  Okay.  Okay.

11             All right.  Let me ask -- well, I don't know if I

12   actually asked -- asked the question of understanding; so let

13   me.

14             Do -- Mr. Carey, do you understand -- or are you, in

15   fact, giving up your rights to appeal with the exception of

16   these two circumstances?

17             THE DEFENDANT CAREY:  Yes, ma'am.

18             THE COURT:  And, Mr. Jacobs, are you, in fact,

19   agreeing to give up your appellate rights in this case with the

20   exception of these two circumstances?

21             THE DEFENDANT JACOBS:  Yes, ma'am.

22             THE COURT:  All right.

23             Have you -- Mr. Carey, have you ever been convicted

24   of a felony before?

25             THE DEFENDANT CAREY:  Yes, ma'am.
```

```
 1              THE COURT:  All right.

 2              Mr. Jacobs, have you?

 3              THE DEFENDANT JACOBS:  Yes, ma'am.

 4              THE COURT:  Okay.  If you'll look with me at your

 5    factual basis.

 6              Mr. Combs, can you please summarize the factual basis

 7    for Mr. Carey?

 8              MR. COMBS:  Yes, Your Honor.

 9              Sir, you're agreeing -- you're stipulating that the

10    following facts are true.  First, that you're pleading to

11    Count 1, to -- of the indictment, conspiracy to commit wire

12    fraud, and you're the same person that's charged in that

13    indictment.  And, second, that the facts that are alleged in

14    the indictment occurred in the Eastern District of Texas and

15    elsewhere.

16              And, specifically, that, between July 8th, 2015, and

17    May 27th, 2016, in the Eastern District of Texas and elsewhere,

18    you conspired with others to pass fictitious checks drawn on

19    the accounts of the United States Department of Treasury at

20    Walmart stores nationwide.  By presenting those fictitious

21    checks, you caused to be transmitted by means of a wire

22    communication in interstate commerce, a writing, sound, or --

23    or signal, in furtherance of the scheme of the fraud.

24              You knew at the time that you presented those checks

25    you weren't entitled to the funds and that you were committing
```

1  a crime by doing so.  You were also present when others passed

2  those checks and you knew it was illegal and in furtherance of

3  the conspiracy.

4       Every time that you passed -- presented those -- the

5  fraudulent check to Walmart stores, you knew that it was -- you

6  were causing a wire communication and you weren't entitled to

7  those funds.

8       You presented those and cashed fraudulent checks

9  drawn on the Department of Treasury at Walmart stores,

10  including stores located within the Eastern District of Texas.

11       All totaled, you cashed 88 fraudulent checks for a

12  total of $140,000 to -- $140,269.32.

13       You've read the statement of facts.  You're agreeing

14  with it.  You've discussed it with your attorney.  And you

15  signed it without reservation.

16       THE COURT:  Thank you.

17       Mr. Carey, is everything in your factual basis true

18  and correct?

19       THE DEFENDANT CAREY:  Yes, ma'am.

20       THE COURT:  Are there any changes you wish to make to

21  it at this time?

22       THE DEFENDANT CAREY:  No, ma'am.

23       THE COURT:  All right.  In your own words, please

24  summarize the criminal conduct that you're pleading guilty to.

25       THE DEFENDANT CAREY:  I cashed fraudulent checks.

```
 1              THE COURT:  Okay.  Can you give me a little more

 2   information?

 3              THE DEFENDANT CAREY:  It was a group of people that

 4   was with me, and I -- we all cashed fraudulent checks.

 5              THE COURT:  Okay.  And you agree that you

 6   successfully cashed a total of 88 checks that totaled

 7   $140,269.32?

 8              THE DEFENDANT CAREY:  Yes, Your Honor.

 9              THE COURT:  And you agree that some of the Walmart

10   stores where you presented and cashed fraudulent checks were

11   contained in the -- or resided in the Eastern District of

12   Texas?

13              THE DEFENDANT CAREY:  Yes, Your Honor.

14              THE COURT:  All right.

15              Are both counsel satisfied there's a factual basis to

16   support the plea?

17              MR. COMBS:  Yes, Your Honor.

18              MR. HAMILTON:  Yes, Your Honor.

19              THE COURT:  All right.

20              Mr. Combs, can you please summarize the factual basis

21   for Mr. Jacobs?

22              MR. COMBS:  Yes, Your Honor.

23              Sir, first -- I'm going to summarize this factual

24   basis because it is rather long.  But at the end of it, you

25   agree that you've read the factual basis in its entirety and
```

1    you've discussed it with your attorney, you fully understand

2    the contents of the factual basis, and you agree without

3    reservation that it accurately describes your acts.

4            The acts that it describes are -- first, that there

5    was a conspiracy between October 16th, 2011, through, on or

6    about April 13th, 2017, in which you and an individual by the

7    name of Roland and others conspired and agreed together to

8    execute a scheme or artifice to defraud and obtain money and

9    funds by means of false and fraudulent pretenses and

10   representations from financial institutions and purchasers for

11   the purpose of executing the scheme and artifice, causing wire

12   transmissions of signs, signals, and writings to be sent in

13   interstate commerce.  Your actions affected at least one

14   financial institution.

15           The conspirators created false -- fraudulent

16   documents that purportedly conveyed the ownership interests and

17   real property from true owners to shell companies controlled by

18   the conspirators.

19           You then filed fraudulent documents in the respective

20   counties of the real properties.  The fraudulent documents

21   misrepresented that the conspirators' shell companies had

22   mortgage liens on the real properties and materially omitted

23   the true owners' and lenders' interests in the real properties.

24           The conspirators then caused the real properties to

25   be sold, knowing that the title companies would pay the false

1    mortgage liens in full with the buyers' funds as part of the

2    real estate transactions.

3           You -- the conspirators then caused the title

4    companies to transfer the fraudulent payoff amounts to the

5    conspirators' bank accounts by interstate wires, instead of to

6    the true mortgage lienholders, which were the financial

7    institutions.

8           On ar about the following dates, as acts

9    representative of the conspiracy, yourself, Roland, and other

10   conspirators caused the following acts to be committed:

11          As to the Fox property, on or about June 3rd, 2016,

12   you caused a fraudulent substitute trustee's deed for the Fox

13   property to be filed with the Collin -- with the county clerk

14   in Collin County, Texas, in the Eastern District of Texas.  The

15   document allegedly conveyed that the property from JP Morgan

16   Chase to a trust account that's listed in Paragraph 10 of the

17   factual basis.

18          On or about June 3rd -- same date -- you caused a

19   fraudulent deed of trust for the Fox property to be filed with

20   the county clerk in Collin County, Texas.  The document alleged

21   that the trust obtained a loan from Greenpoint in the amount of

22   $544,000 to purchase the Fox property.

23          On April 6th, 2017, you caused the Fox property to be

24   sold to a third party.

25          On the same date, you caused the title company to

receive a fraudulent payoff notice from Greenpoint stating that

the payoff on Greenpoint's loan to purchase the Fox property

was $418,323.53.

On April 2nd [sic], 2017, you caused the title

company to transfer $418,323.53 by wire of the purchaser's

money to CB Account Number 1.

You also engaged in fraudulent activity with respect

to the following listed additional properties, with the loss

amount reasonably foreseeable to you, exceeding $3.5 million

but less than $9 million.  Those are properties located in

Paragraphs A through S on Page 4 of your factual basis, and --

in Rancho Cucamonga, California; Houston, Texas -- which is

misspelled.  It's spelled Hoston, Texas.  I suspect it's

Houston.  Spring, Texas; Renton, Washington; La Jolla,

California; Sugar Land, Texas; Houston, Texas; Spring, Texas;

Spring, Texas; Cypress, Texas; Houston, Texas; Spring, Texas;

Houston, Texas; Arlington, Texas -- Texas; Frisco, Texas;

McKinney, Texas -- Texas; Irving, Texas; and The Woodlands,

Texas.

On Page 5 you're stipulating the following properties

were involved in your fraudulent scheme.  Those are the

properties listed in Paragraphs U through GG.  In

Houston there's one, two, three -- four properties in Houston.

Spring, Texas; Tomball, Texas; an additional three properties

in Houston, Texas; Spring, Texas; Converse, Texas; San Antonio,

 1   Texas; and another in San Antonio, Texas.

 2           THE COURT:  All right.

 3           Mr. Combs, is the  -- does the Government agree

 4   with Mr. Jacobs and Mr. Arrambide that the property listed in

 5   two -- double H and double I should be omitted or not?

 6           MR. ARRAMBIDE:  Your Honor, I can represent to the

 7   Court that Mr. Eason was in the room, as were the agents, when

 8   we were discussing those three [sic] properties and they all

 9   three agreed that the conspiracy itself had parted ways, and

10   those were properties that to were attributable solely to the

11   codefendant.

12           MR. COMBS:  And this being 11(c)(1)(C), Your Honor,

13   the Government would so agree.

14           THE COURT:  Okay.

15           Are you comfortable initialing for Mr. Eason?

16           MR. COMBS:  Yes, Your Honor.  May I approach?

17           THE COURT:  Yes.

18           Thank you.

19           Mr. Jacobs, is everything in the factual basis true

20   and correct?

21           THE DEFENDANT JACOBS:  Yes, ma'am.

22           THE COURT:  Is there anything you'd like to change --

23   any changes you want to make to it at this time?

24           THE DEFENDANT JACOBS:  None.  Thank you, ma'am.

25           THE COURT:  All right.  In your own words, if you'll

```
 1    please summarize the criminal conduct that you're pleading
 2    guilty to.
 3             THE DEFENDANT JACOBS:  Yes, ma'am.  I created
 4    fraudulent documents, causing to be recorded into county
 5    recorder's offices, and unjustly enriched myself by changing
 6    the names to companies I controlled and caused the loss to go
 7    to various banks or lienholders.
 8             THE COURT:  All right.  Thank you.
 9             Are both counsel satisfied there's a factual basis to
10    support the plea?
11             MR. ARRAMBIDE:  Yes, Your Honor.
12             MR. COMBS:  Yes, Your Honor.
13             THE COURT:  All right.
14             Mr. Hamilton, let me ask you, have you had an
15    opportunity to fully review and discuss this case with your
16    client?
17             MR. HAMILTON:  Yes, Your Honor.
18             THE COURT:  Do you join in his decision to plead
19    guilty?
20             MR. HAMILTON:  Yes, Your Honor.
21             THE COURT:  Mr. Arrambide, have you had an
22    opportunity to fully review and discuss this case with your
23    client?
24             MR. ARRAMBIDE:  I have, Your Honor.
25             THE COURT:  Do you join in his decision to plead
```

```
 1    guilty?

 2              MR. ARRAMBIDE:  I do, Your Honor.

 3              THE COURT:  All right.

 4              Then I'll ask you -- with respect to Mr. Carey,

 5    Count 1 of the indictment, which charges a violation of Title

 6    18, United States Code, Section 1349, conspiracy to commit wire

 7    fraud, how do you plead?  Guilty or not guilty.

 8              THE DEFENDANT CAREY:  Guilty.

 9              THE COURT:  Mr. Jacobs, with respect to Count 1 of

10    the superseding indictment, which charges a violation of 18

11    United States Code, Section 1349, conspiracy to commit wire

12    fraud affecting a financial institution in violation of 18

13    United States Code, Section 1343, how do you plead?  Guilty or

14    not guilty.

15              THE DEFENDANT JACOBS:  Guilty.

16              THE COURT:  All right.  I'll accept your plea --

17              MR. COMBS:  Your Honor --

18              THE COURT:  Yes.

19              MR. HAMILTON:  I apologize.  But I don't think the

20    Court asked Mr. Carey's statement in his own words, what he

21    did.  I may -- may have missed it.

22              THE DEFENDANT CAREY:  I did.

23              MR. HAMILTON:  Oh, did you?  All right.  I --

24              THE COURT:  I did.

25              MR. HAMILTON:  -- apologize, Your Honor.
```

 1              THE COURT:  That's okay.  He gave a short

 2      statement --

 3              MR. HAMILTON:  Okay.

 4              THE COURT:  -- and then he expounded a little bit.

 5              MR. HAMILTON:  All right.

 6              THE COURT:  So the record's good on that, I think.

 7              MR. HAMILTON:  All right.

 8              THE COURT:  All right.  I will accept both of your

 9      pleas of guilty and I'll make the following findings on the

10      record.  For each of you, I do find that you are competent to

11      plead and you have had assistance of counsel, you understand

12      your trial rights and you understand the nature of the charges

13      alleged against you, you understand the minimum and maximum

14      penalties that can be imposed in your case, and that, in

15      determining your sentence, the district court will refer to the

16      sentencing guidelines but those guidelines are not binding upon

17      the Court.

18              I find that your plea is knowing and voluntary and

19      there is a factual basis to support the plea; so I will make a

20      recommendation that the district court accept your plea of

21      guilty.  And you'll have 14 days to make any objection to that

22      recommendation.

23              All right.  Let's see.  Mr. Carey, I know you are

24      currently on release under certain conditions.  I've received a

25      report from probation that you have been compliant with all of

1    those conditions.

2          Mr. Combs, does the Government have any objection to

3    Mr. Carey remaining on those conditions?

4          MR. COMBS:  No, Your Honor, we don't.

5          THE COURT:  All right.

6          Mr. Carey, I'm going to allow you to remain on

7    release under those conditions that you've currently been

8    operating, pending your sentencing hearing.

9          Mr. Jacobs, at this time you're going to be remanded

10   to the custody of the United States Marshal, pending your

11   sentencing hearing.

12         For both of you, prior to your sentencing hearing,

13   you will be interviewed by a probation officer.  They'll

14   prepare a presentence report from that interview.  You'll

15   review that report with your counsel.  Your counsel can make

16   objections to that report.  And the district court will

17   consider both the presentence report and any objections filed

18   by your counsel in determining your sentence.

19         Do you understand that?

20         THE DEFENDANT CAREY:  Yes, Your Honor.

21         THE DEFENDANT JACOBS:  Yes, ma'am.

22         THE COURT:  Anything further from counsel?

23         MR. ARRAMBIDE:  No, Your Honor.

24         MR. HAMILTON:  No, Your Honor.

25         MR. COMBS:  No, Your Honor.

1          THE COURT:  All right.

2          We'll stand adjourned in your cases.

3          (End of proceedings.)

1        **C E R T I F I C A T E**

2

3    I certify that the foregoing is a correct transcript from the

4    recording of proceedings in the above-entitled matter.

5

6
     _/s/ Shawna Gauntt-Hicks_                    1/26/2019
7    Shawna Gauntt-Hicks                          Date
     Court Reporter
8    State of Texas No. 9353
     Expiration Date: 12/31/2019
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25